J. A15002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
               v.                :
                                   :
MEREDITH WILLIAMS-EARLE,       :        No. 2216 EDA 2015
                                   :
             Appellant        :


Appeal from the Judgment of Sentence, June 2, 2015,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0006901-2013


BEFORE: FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED NOVEMBER 10, 2016**

Meredith Williams-Earle appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County after a jury convicted her of driving under the influence ("DUI") and recklessly endangering another person ("REAP").[1] In addition to her jury convictions, appellant entered an open guilty plea to one count of involuntary manslaughter.[2] The trial court sentenced appellant to 48 hours to 6 months of imprisonment on the DUI conviction; 2 years of probation on the REAP conviction to run consecutive to the DUI; and 9 to 23 months of imprisonment for involuntary manslaughter, to run concurrent with the DUI

---

[1] 75 Pa.C.S.A. § 3802(a) and 18 Pa.C.S.A. § 2705, respectively.

[2] 18 Pa.C.S.A. § 2504(a).

sentence, followed by a consecutive 3-year probationary term for an aggregate term of incarceration of 9 to 23 months, followed by 5 years of probation. We affirm.

The trial court set forth the following factual and procedural history:

> On August 6, 2013 at approximately 9:30 a.m., Appellant, feeling overwhelmed by her life circumstances, decided to drink some leftover wine or champagne mixed with orange juice. Shortly before getting into her car to take her two-year-old son, Ford, to daycare, Appellant mixed another drink. She put about 4 inches of whiskey into a Solo cup and mixed it with cola. She took the whiskey drink out to her car, got her son into the car and drank half of the cup's contents before she pulled out of her driveway.
>
> Ford was acting "wildly unmanageable" while in his car seat, so Appellant gave him a bag of cheese puffs, which she hoped would calm him down. He had in the previous months started pulling on the car door handle while Appellant would drive on the roadway and would make himself sick. Shortly before the stop sign at the intersection of Morris Avenue and Spring Mill Road, Ford was screaming, "puffs, puffs." Appellant looked in her rearview mirror and realized that he had dropped the cheese puffs. About 25 yards before the stop sign, Appellant looked back for two seconds to find the cheese puffs. That is all she remembered prior to the accident.
>
> At about 10:30 a.m. one [witness], Brian Novitski, observed Appellant's car, a red Prius, blow through a stop sign and plow into a white van. At trial, Mr. Novitski testified that he saw the white van flip over, the driver of the van fall out from the vehicle and the white van fall back onto the driver. Mr. Novitski called 911.

A call was dispatched for an accident with injuries at the intersection of Spring Mill Road and Morris Avenue, to which several officers from the Lower Merion Township Police Department responded as did paramedics. The victim, [Winston] Staats[,] was found to be dead at the scene.

Appellant was taken to the University of Pennsylvania Hospital, where Appellant consented to have a blood sample taken.

After an investigation, Appellant was charged with homicide by vehicle while [DUI], homicide by vehicle, DUI, [REAP], and numerous summary offenses.

On March 2, 2015, a suppression motion was conducted in which Appellant sought to suppress numerous incriminating statements she made to several police. In addition, Appellant filed a motion in *limine* concerning the use of her cell phone. Suppression was denied.

Immediately following the denial of suppression, a two-day jury trial commenced. On the second day of trial and pertinent to this appeal, defense counsel notified this Court that he would be stipulating to the age of Appellant's son as below the relevant age of 18, and that Appellant's son, who was in the car with her at the time of the accident was two-years-old. Defense counsel acknowledged that this stipulation relieves the jury from making that finding and that it was not necessary to include that on the verdict sheet. As discussed, the Commonwealth read for the jury the stipulation as follows:

> Lastly, it is also agreed and stipulated between the parties that on August 6, 2013, Timothy Ford Earle was two years old.

A copy of this stipulation was marked as Commonwealth Exhibit "C-58".

- 3 -

At the conclusion of the trial, the jury did find Appellant guilty of DUI-[at least].08 [but less than] .10 and [REAP]. The jury found Appellant not guilty of DUI – general impairment, DUI-drugs and alcohol combination and homicide by vehicle while [DUI]. The jury could not reach a unanimous verdict on homicide by vehicle. Finally, this Court found Appellant guilty of numerous summary offenses, including, reckless driving, careless driving, duties at a stop sign, driving at a safe speed and restraint systems.

On June 2, 2015, the sentencing hearing was held. Prior to the start of that hearing, the Commonwealth advised this Court that it had reached an agreement in regard to the open charge of homicide by vehicle. The Commonwealth sought to amend the bills of information to change the charge to involuntary manslaughter and Appellant agreed to enter an open guilty plea. Appellant pled guilty and this Court accepted her plea. After which this Court conducted the sentencing hearing. At the conclusion of the hearing and with the benefit of a presentence investigation and report, this Court sentenced Appellant to an aggregate term of 9 to 23 months' imprisonment, followed by a five-year probationary period.

On June 12, 2015, appellate counsel filed a timely post-sentence motion, in part reserving the right to amend the post-sentence motion since he was not trial counsel and had little time to review the record. On June 16, 2015, the post-sentence motion was denied. Subsequently, on June 24, 2015, appellate counsel filed a motion to reconsider [the] Court's denial of post-sentence motion for reconsideration of sentence. Substantively, appellate counsel argued that because the jury was not instructed that they must find that there was a minor in the car during the DUI and since the jury did not in fact make that finding, this Court erred in imposing a sentence on her DUI as a first-degree misdemeanor under 75 Pa.C.S.A. § 3803(b)(5).

This Court conducted a hearing on the matter on July 2, 2015. At the hearing, appellate counsel argued that because trial counsel stipulated to the fact that Appellant's son was two years old at the time of the accident which relieved the jury from making that finding, that was akin to either trial counsel stipulating to Appellant's guilt or allowing this Court to find Appellant guilty based upon listening to the facts. Appellate counsel further argued that in that scenario where trial counsel was stipulating to an element of the crime, Appellant should have been fully advised so that she could make a knowing, intelligent and voluntary waiver of her rights.

The motion to reconsider was denied, and this timely appeal was filed on July 15, 2015.

Trial court opinion, 9/1/15 at 1-5 (record citations omitted).

Appellant raises the following issues for our review:

1. Whether the conviction for **§ 3803(b)(5)** (relating to DUI while minor is passenger in vehicle) must be vacated because [appellant's] right to a trial by jury was violated where the jury was not instructed that they needed to find a minor was present beyond a reasonable doubt and thus made no such finding[?]

2. Whether the Court's judgment of sentence with respect to **§ 3803(b)(5)** (relating to DUI while minor is passenger in vehicle) is illegal insomuch as the jury was never instructed that they needed to find a minor was present beyond a reasonable doubt, the jury's verdict did not reflect such a finding, and thus the maximum penalty allowed by law was 6 months[?]

3. Whether there was a knowing, intelligent and voluntary waiver of the right to have the jury find all elements of **§ 3803(b)(5)** beyond a

> reasonable doubt, *viz.* that a minor was present[?]

Appellant's brief at 6 (emphasis in original).[3]

Although appellant sets forth three questions presented, she advances two arguments in her brief. Appellant first challenges the legality of her sentence. In support, she cites **Alleyne v. United States**, 133 S. Ct. 2151, 2163, 186 L. Ed. 2d 314, ___ (2013), wherein the United States Supreme Court held that a criminal defendant has a constitutional right to have a jury decide the existence of any fact, other than a prior conviction, beyond a reasonable doubt if that fact triggers application of a mandatory minimum sentence.

Here, **Alleyne** has no application because DUI carries no mandatory minimum sentence. **See** 75 Pa.C.S.A. § 3803(a) ("[a]n individual who violates section 3802(a) (relating to [DUI]) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties)"). Although an individual who commits DUI where a minor under 18 years of age was an occupant in the vehicle commits a first-degree misdemeanor under 75 Pa.C.S.A. § 3803(b)(5), a first-degree misdemeanor likewise carries no mandatory

---

[3] To the extent that appellant is raising an issue as to jury instructions, such challenge is waived on appeal due to trial counsel's lack of any request or objection at trial. **See Commonwealth v. Parker**, 104 A.3d 17, 29 (Pa.Super. 2014); **see also** Pa.R.A.P. 302(b).

minimum sentence. *See* 18 Pa.C.S.A. 106(b)(6) ("a person convicted [of a first-degree misdemeanor] may be sentenced to a term of imprisonment, the maximum of which is not more than five years").

Appellant then argues:

> It is instantly apparent that the jury was never charged on the issue of whether a minor was present and the jury could not have found this element beyond a reasonable doubt. Therefore, the maximum permissible sentence would have been 6 months rendering the sentence actually imposed (i.e., 48 hours to 23 months[)] illegal. Accordingly, this matter must be remanded for resentencing within the statutory maximum of 6 months.

Appellant's brief at 15.

Our supreme court has held that:

> [I]n cases where the fact which increases the maximum penalty is not a prior conviction and requires a subjective assessment, anything less than proof beyond a reasonable doubt before a jury violates due process. Additionally, any judicial finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

*Commonwealth v. Aponte*, 855 A.2d 800, 811 (Pa. 2004) (citation omitted).

Here, *Aponte* has no application because the trial court did not increase appellant's punishment based on a judicial finding that a minor was present in the vehicle when appellant committed her DUI. The record reflects that the trial court sentenced appellant on the DUI to 48 hours to 6 months of incarceration. The record further reflects that the trial court

imposed a concurrent sentence of 9 to 23 months' incarceration on the involuntary manslaughter charge that appellant pled guilty to. Therefore, appellant has already received the relief that she now requests -- a legal sentence of 6 months' incarceration on her DUI conviction. Accordingly, this claim lacks merit.

In her second issue, appellant contends that the trial court abused its discretion by not conducting a colloquy to determine that appellant's decision to stipulate to the fact that her 2-year-old son was in the vehicle when she committed her DUI was knowing, intentional, and voluntary. We need not decide this issue because the trial court did not sentence appellant under 75 Pa.C.S.A. § 3803(b)(5) (person who commits DUI with minor in vehicle commits a first-degree misdemeanor may be sentenced to 5 years of imprisonment).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2016